*441 OPINION.
Smith :
The petitioners claim that the amount of $1,700 paid their father in 1920 was an ordinary and necessary expense of doing business for that year; that the agreement entered into on January 10, 1919, called for the payment of this amount as “ interest,” and that payment of interest is an allowable deduction from gross income of partnerships or individuals.
The amount paid to Israel Long was stipulated and the deed and the agreement of January 10, 1919, were submitted as the only evidente. Upon the evidence before it, the Board must approve the Commissioner’s determination. The $1,700 was not an amount paid the use of money. On the contrary, the evidence submitted would indicate that the amount represented payments by Robert Long and Haimon Long as a part of the purchase price of the real estate transferred to them and, as such, was a capital expenditure. Appeal of Steinbach Co., 3 B. T. A. 348; Appeal of John C. Moore Corporation, 3 B. T. A. 430.
The Commissioner admits that he failed to credit against the deficiency letter of April 16, 1925, $90, representing the sum of three installment payments made by the petitioner, Robert Long, as follows:
[[Image here]]
The deficiency found by the Commissioner against Robert Long should therefore be reduced by the amount of $90.

Judgment will be entered for the Commissioner redetermining a de-fieieney of $9f.6B due by Robert Long and a deficiency of $191.98 due by Haimon Long for the calendar year 1920.